```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

EILEEN SPONG,

                Plaintiff,              04-CV-6603T

     v.                                      **ORDER**

TRAVELERS INSURANCE COMPANY,

                Defendant.
_____

On January 25, 2005, the Clerk of the Court made an entry of default against defendant Travelers Insurance Company ("Travelers") based on Travelers' failure to timely respond to the Complaint. That same day, plaintiff moved for a default judgment. On February 9, 2005, Travelers filed a motion to vacate the entry of the default and an opposition to plaintiff's motion for a grant of a default judgment on grounds of excusable neglect, contending that the Complaint in this action was not timely forwarded by Travelers' office personnel to counsel. Plaintiff opposes defendant's motion.

Rule 55 of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default "for good cause shown." The Rule provides that an entry of default may also be vacated pursuant to Rule 60(b), which provides that a party may be relieved from a judgment based on a party's mistake, inadvertence, surprise, or excusable neglect. In the instant case, defendant has adequately explained that the delay in answering the complaint was the result of excusable neglect. Defendant has explained that there was an excusable--and short delay--in forwarding the Complaint to counsel, and that granting defendant's motion to

vacate will not prejudice plaintiff's rights. Accordingly, I grant defendant's motion to vacate the entry of default, and deny plaintiff's motion for default judgment. Defendant shall have 20 days from the date of this order in which to file an Answer or otherwise move against the Complaint.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 7, 2005